UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

LOCAL 888 HEALTH FUND,

                      Plaintiffs,

   - against -

CONTROL INDUSTRIES, INC.,

                      Defendant.

------------------------------------------------------------X

JUDGE ROBINSON

**08 CIV 4979**

COMPLAINT

Plaintiffs, Trustees of the Local 888 Health Fund ("Fund"), allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, §502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. §1132(e)(1), and §301(a), of the Labor-Management Relations Act (hereinafter "LMRA"), 29 U.S.C. §185(a). This is an action by the Plaintiffs for, *inter alia*, breach of a collective bargaining agreement between an employer and a labor organization representing employees in an industry affecting commerce, as well as to enforce §502(a)(3) of ERISA, 28 U.S.C. §1132(a)(3), §515 of ERISA, 29 U.S.C. §1145 and §301 of the LMRA.

2. Venue is based on the location of the office from which the Fund is administered, which is in the Southern District of New York. As such, venue is appropriate pursuant to §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and Taft Hartley §301, 29 USC §185.

## PARTIES

3. Upon information and belief, the Defendant, Control Industries Inc. ("Employer") is a domestic corporation duly organized and existing pursuant to the laws of the State of New York with its principle office located at 120 Craft Street, Inwood, New York 11696.

4. Upon information and belief, the Employer, was and is an "employer" within the meaning of §§ 3(5) and 515 of ERISA, 29 USC §§ 1002(5) and 1145.

5. The Fund is an "employer welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).

6. The Fund is a "multiemployer plan" within the meaning of §3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A). The Fund was created and is maintained pursuant to §302(c) of the LMRA.

7. The Fund's principle office is located at 6 Gramatan Avenue, Mount Vernon, New York 10550.

8. The Fund was created pursuant to a written agreement and declaration of trust (hereinafter "Trust Agreement"). The Fund is maintained, *inter alia*, for the purpose of providing its participants and beneficiaries with medical, surgical and hospital benefits.

9. The Fund provides benefits to eligible employees and their dependents on whose behalf the Employer is required to make contributions to the Fund pursuant the collective bargaining agreement ("CBA") between the Employer and Local 888, UFCW (the "Union").

10. The Union's office is located at 6 Gramatan Avenue, Mount Vernon, New York, 10550.

## FIRST CAUSE OF ACTION

11. Plaintiffs incorporate by this reference and re-allege, as though fully set forth

2

herein, the allegations of paragraphs "1" through "10" above.

10. The Employer executed a CBA with the Union on or about March 1, 2005, covering the terms and conditions of employment of the unit employees.

11. On March 19, 2008, the Employer executed an Extension Agreement.

12. The CBA and/or the Trust Indenture requires the Employer to submit monthly contribution reports to the Fund setting forth the names of the covered employees and the amount of the contribution made on behalf of the covered employees, in the amounts required by the CBA.

13. The CBA and/or the Trust Indenture and Section 515 of ERISA (29 USC §1145) require that the contributions required by the CBA, as detailed in the contribution reports, be remitted to the Fund on a timely basis as required.

14. The Employer has failed and refused, and continues to fail and refuse, to remit the required contribution reports and contributions in accordance with the CBA and the Trust Indenture.

15. Employer owes the Fund the minimum amount of $17,390.00 for the period June, 2007 through March, 2008.

16. In the absence of the required contribution reports, the amount due to the Fund is an estimate and is subject to verification by the Fund pursuant to an audit.

17. Pursuant to Section 502 of ERISA (29 USC §1132), the Fund is entitled to an award of unpaid benefit fund contributions, plus statutory liquidated damages and interest on the unpaid principle amount, together with reasonable attorneys' fees and the costs and disbursements of this action.

18. Therefore the Employer is liable to the Fund in the minimum amount of

$17,390.00 in unpaid contributions plus liquidated damages, interest, reasonable attorneys' fees and the costs and disbursements of this action.

## SECOND CAUSE OF ACTION

19. Plaintiffs incorporate by this reference and re-allege, as though fully set forth herein, the allegations of paragraphs "1" through "18" above.

20. As set forth above, the Employer is required to remit current contribution reports and contributions to the Fund in a timely fashion.

21. On information and belief, the Employer has failed to submit current contribution reports and contributions in a timely fashion, thereby violating its statutory obligations pursuant to ERISA, the trust indenture and the CBA.

22. On information and belief, during the course of this proceeding, additional contribution reports, contributions and/or charges may become due and owing from the Employer to the Fund. If the Employer fails to pay such amounts at the time judgment is entered, the additional amounts should be included.

## THIRD CAUSE OF ACTION

23. Plaintiffs incorporate by this reference and re-allege, as though fully set forth herein, the allegations of paragraphs "1" through "22" above.

24. The failure to make timely contributions has damaged the Employer's employees by making it impossible for the Fund to make eligibility determinations on a timely basis thereby delaying payment of benefits.

25. On information and belief, the failure to make timely contributions has damaged the Fund by delaying the investment of contributions and increasing administrative costs of the Fund, thereby increasing the cost of providing the benefit and reducing the assets available for

the payment of benefits.

26. The Fund has no adequate remedy at law to make the Employer adhere to its obligations.

27. The ongoing failure of the Employer to make timely remittances of both the contribution reports and the contributions to the Fund will cause the Fund irreparable harm unless the Employer is enjoined from making late remittances to the Fund

28. Therefore, the Fund is entitled to a permanent injunction enjoining the Employer from additional and/or future violations of the those provisions of the current or future CBA, which relate to the timely remittance of contribution reports and contributions on behalf of covered employees.

## PRAYER

WHEREFORE, the Plaintiff prays for judgment against the Defendant, Control Industries, Inc., as follows:

(1) As to the First Cause of Action, the minimum amount of $17,390.00, together with interest from the date of the delinquency and liquidated damages, together with reasonable attorneys' fees and the costs and disbursements of this action, as set forth in 29 USC §1132(g)(2)(D), and for such other and further relief as the Court deems just and proper;

(2) As to the Second Cause of Action, the amount of any contributions and/or delinquency charged that become due during the course of this litigation together with interest from the date of the delinquency and liquidated damages, together with reasonable attorneys' fees and the costs and disbursements of this action, as set forth in 29 USC §1132(g)(2)(D), and for such other and further relief as the Court deems just and proper; and

(3) As to the third cause of action, a permanent injunction enjoining the Employer from violating the terms of the current and/or successor collective bargaining agreements as those terms relate to the timely remittance of contribution reports and contributions on behalf of covered members and for such other and further relief as the Court deems just and proper.

Dated: April 18, 2008

        Respectfully submitted,

        O'CONNOR & MANGAN, P.C.

by: *[signature]*
        Bryan C. McCarthy, ESQ. (BM 8495)
        Attorneys for Plaintiffs
        271 North Avenue, Suite 610
        New Rochelle, NY  10801
        914-576-7630

Case No.                                                     Year
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LOCAL 888 HEALTH FUND,

                                    Plaintiff,

- against -

CONTROL INDUSTRIES, INC.,

                                    Defendant.

---

## COMPLAINT

---

O'CONNOR & MANGAN, P.C.
*Attorneys for* Plaintiff Local 888 Health Fund
*Office and Post Office Address, Telephone*
271 North Avenue, Suite 610
New Rochelle, NY 10801
914-576-7630

---

To                                                                    Signature (Rule 130-1.1-a)

Attorney(s) for                                               *Print name beneath*

---

Service of a copy of the within                                         is hereby admitted.
Dated,
Attorney(s) for                                               *Print name beneath*

---

Please take notice
☐ **NOTICE OF ENTRY**
that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on
☐ **NOTICE OF SETTLEMENT**
that an order                          of which the within is a true copy will be presented for
settlement to the HON.                                                       one of the judges
of the within named court, at
on                                  at           M
Dated,
                                                 Yours, etc.
                                                 O'CONNOR & MANGAN, P.C.